# CASES ARGUED AND DECIDED

——IN THE——

# SUPREME COURT OF MISSISSIPPI

——AT THE——

## OCTOBER TERM, 1893.

J. R. Bew, Registrar, v. The State.

1. REGISTRATION OF ELECTORS. *Local option election. Code* 1892, § 3615.

Section 251, constitution 1890, providing that " electors shall not be registered within four months next before any election at which they may offer to vote," and § 3615, code 1892, directing that, at any time not within four months of an election, electors may be registered, have reference to elections contemplated by the constitution, and not to local option elections held under § 1610 of the code; and the fact that such an election has been ordered does not interfere with the registration of voters.

2. SAME. *Const.* 1890, § 251. *Time of voting after registration.*

Under § 251, constitution 1890, an elector may register at any time, but cannot *vote* until four months thereafter. This is true as to elections contemplated by the constitution, and, by construction, the same rule is applicable to local option elections.

3. SAME. *Const.* 1890, § 242. *Code* 1892, § 3612. *Payment of taxes. Registration.*

Section 242, constitution 1890, directs that the legislature shall provide for the registration of persons entitled to vote. It prescribes the oath to be taken; and, as this makes no mention of the payment of taxes, so

71 Miss.—1

much of ₤ 3612, code 1892, as forbids the registration of one who has not paid taxes, is in violation of the constitution. One otherwise qualified cannot be excluded from registration on the ground that he has not paid taxes for the two years preceding.

4. SAME. *Const,* 1890, ₤₤ 241, 249. *Payment of taxes a condition of voting.*

Sections 241, 249, constitution 1890, prescribe the qualifications of electors, making registration one of them, but they do not make the payment of taxes a condition of *registration.* Payment of taxes on or before the first day of February of the year in which the person offers to *vote* is made necessary, but evidence of such payment is required to be produced before the officers holding the election; they, and not the registrars, are to judge of this.

APPEAL from a judgment of HON. R. W. WILLIAMSON, Judge, rendered in vacation, at Greenwood, in Leflore county.

This is a mandamus proceeding, on the relation of Walton Shields, district attorney, against J. R. Bew, registrar of Leflore county. The petition was filed September 21, 1893, and alleges that, under § 1610, code 1892, the board of supervisors of Leflore county, on September 4, 1893, upon application of the requisite number of electors, ordered an election to be held October 14, 1893, to determine whether vinous or spirituous liquors should be sold in the county; that the defendant, J. R. Bew, registrar, has continued, since the order for said election was made, to register the electors of the county applying to him for registration; that said electors so registered intend to vote in the said local option election, and are being registered for that purpose; that, in the registration of persons within four months of the election, the registrar is acting in violation of law; that he has registered and is registering the names of various persons who have not paid all taxes legally required of them for the two years next preceding registration, and that these will also attempt to vote in said local option election. The prayer of the petition is for a writ of mandamus, commanding the defendant to desist from the registration of all persons until after the

said election, and to desist at all times from the registration of persons who have not paid their taxes as required by § 3612, code 1892.

The defendant answered the petition, admitting the allegation as to the order for the said local option election, and as to his having continued the registration of voters after the fourth day of September. He also admitted the registration of certain persons who had not paid their taxes for two years next preceding said registration, but averred that these persons had paid their taxes at the time of registration or shortly before. He also averred that no taxes had been assessed against any of these electors. He denied that he had registered any persons who, upon examination by him, were not duly qualified, and averred that he did not know what was the purpose of the electors in registering.

The agreed statement of facts shows that the local option election was duly ordered; that the defendant, since the order, proceeded to register various persons as qualified electors; that he was continuing so to register them at the time of suit; that he had registered the names of divers persons who had not paid all taxes legally required of them, and which they had an opportunity to pay, for the two preceding years next before said registration, but averred that such persons had not been assessed, and that, on the day of registration, they had paid their taxes for the purpose of registering, and that said persons, so registered as aforesaid, intended to vote in said local option election. Judgment was entered, directing the issuance of the writ of mandamus, commanding the defendant to desist from the registration of all persons until after said local option election on October 14, 1893, and to desist entirely from the registration of persons who have not paid their taxes as required by § 3612, code 1892. From this judgment the defendant appealed.

*S. R. Coleman*, for appellant.

Section 251, constitution 1890, limits registration of elect-

ors to four months before every election at which they may offer to vote. The word " election " in the law of elections is limited to the choice of persons for political offices, and not to questions of local option, and the like. 6 Am. & Eng. Enc. L., p. 260.

Section 249 of the constitution makes registration a prerequisite for voting at all elections, and does not apply the four months limitation.

Section 1612, code 1892, relating to dram-shops, provides that the election shall be conducted in the same manner as other elections, so far as applicable. To hold that no one should vote at such an election unless registered four months beforehand, would cause such strange confusion in so many respects, that we are forced to adopt the definition of an election as set forth in the above authority. Otherwise, we would have a petition signed by a number of persons, putting the election machinery in motion, who would not be qualified electors under the four months limitation. .

Again, suppose that an election fixed by the general law should take place within two or three months after the time fixed for a local option election, who can say what electors would be barred from registration for such general election by the four months limitation invoked, on account of the local option election?

Reason, if not the plain letter of the law, would seem to require that electors should not be deprived of their rights in order that a mere police regulation may be carried into effect by the voters in a particular territory.

*Frank Johnston,* attorney-general, for the state.

I respectfully request the court to consider these questions :

1. Whether the registration of voters is to be suspended by reason of the fact that a local option election is ordered.

2. Whether electors, in order to be entitled to vote at such election, must have registered four months prior thereto.

In respect to the first point, my own view is that the regis-

tration should continue up to within four months preceding a regular election. The second point is doubtful. The solution of the question depends upon an interpretation of § 1612, code 1892. The constitution, § 251, clearly applies to elections contemplated by that instrument, and the same is true of the chapter on registration and elections. So that the question depends exclusively upon the construction of § 1612 of the code, and this is respectfully submitted to the court.

CAMPBELL, C. J., delivered the opinion of the court.

Complying with the wishes of counsel, we proceed, without question as to the propriety of this particular proceeding, to consider the questions presented by it. They are:

*First.*—Does the fact that an election has been ordered under § 1610 of the code of 1892 stop the registration of electors until after it is held, because of the provision of the constitution, § 251, that " electors shall not be registered within four months next before any election at which they may offer to vote," etc., and § 3615 of the code of 1892, which directs that " at any time not within four months of an election, the registrar may register the electors of his county, at his office," etc. ?

*Second.*—Does the fact that an applicant for registration as an elector has not paid taxes for the two preceding years, although possessing the required qualifications as an elector other than this, preclude his registration as such ?

*Third.*—Are the persons registered within four months of an election to be held under § 1610 of the code of 1892, entitled to vote, if otherwise qualified ?

We answer each question in the negative. Neither the constitution, in § 251, nor the code, in § 3615, had reference to an election held in pursuance of § 1610, but to elections contemplated by the constitution. The election provided for by § 1610 is not an election, in the sense of the constitution or the law on the subject of registration and elections, constituting chapter 113 of the code of 1892. It is a special

device for determining whether or not liquors shall be sold
within a county. It is not held by those charged with hold-
ing other elections, but by appointees of the board of super-
visors, and their appointees. It is a county matter, initiated
in a certain way, and determined in the particular mode pro-
vided. It concerns the county alone. The legislature might
have adopted any other mode of determining the question as
to the sale of liquors in a county. It could prohibit it un-
conditionally, or on any condition it might prescribe. It has
chosen to submit it to an election, to be ordered and held as
prescribed, but that is not an election in the sense of the
constitution and registration law, as we have stated above.

The payment of taxes is not a condition of registration,
but of voting. It is not a matter for the registrar, but for
" the officers holding the election." An applicant for regis-
tration is not required to satisfy the registrar that he has
paid taxes, but he must satisfy the " officers holding the elec-
tion " that he has paid the taxes required as a condition for
voting. One possessing the requisite qualifications, as pre-
scribed by the constitution, may be registered. Payment of
taxes is not one of these qualifications. Registration and the
right to vote are distinct things. One is not qualified to
vote if not duly registered ; but being duly registered does not
entitle him to vote. It is an essential prerequisite, but does
not qualify to vote. It is that without which all other qual-
ifications to be an elector go for nothing, but it is not suffi-
cient to entitle one to vote. Registration is not made by the
constitution or law even *prima facie* evidence of the right to
vote. That is to be passed on by the officers holding the
election, who are made "judges of the qualifications of elect-
ors." They would reject the ballot of one who had not been
registered, and should not receive the ballot merely because
the person offering it had been registered. They must judge
of the qualifications of electors offering to vote, of which
one necessary thing is registration.

The constitution, § 241, prescribes the qualifications of an

elector, and makes registration one of them; and § 249 repeats with distinctness the requirement of being duly registered, but it does not make the payment of taxes a condition of registration.   On the contrary, it requires the evidence of the payment, on or before the first day of February of the year in which he shall offer to vote, of all taxes to be produced to the officer holding the election, "and who shall produce to the officers holding the election satisfactory evidence that he has paid said taxes," etc.   Payment of taxes has reference to voting.   One may be registered in January, or an earlier month, and if, on offering to vote, at the November election afterwards, he shall produce to the officers holding the election satisfactory evidence that he has paid taxes as required, he should be allowed to vote, so far as the matter of taxes may affect his right.

The constitution provides, in § 242, that "the legislature shall provide, by law, for the registration of all persons entitled to vote," and prescribes the oath to be taken by such persons, but makes no reference in the oath to payment of taxes.   Any provision by law for the registration of persons entitled to vote must conform to the constitution, and not contravene it.   So much of § 3612 of the code of 1892 as forbids the registration of a person who has not paid all taxes, etc., is not in harmony with the constitution, but in violation of it, by imposing, as a condition of being registered, what the constitution has made a condition of voting. It confounds a plain distinction made by the constitution, and denies to one, entitled by the constitution to be registered, the right to be registered.   This requirement is therefore illegal and void.

It is a noticeable fact, worthy of observation, that the only reference of the constitution, in any of its multitudinous provisions, to payment of taxes, in connection with qualified electors or voting, is in § 241, where the express requirement is that the payment of taxes shall be with reference to the year in which he shall offer to vote, and that satis-

factory evidence that he has paid said taxes shall be pro-
duced to the officers holding the election.   Then and there,
at the election, and by the officers holding it, that matter is to
be attended to according to the constitution.   Section 243 of
the constitution does not afford a reason for qualifying the
observation made.   It seems singularly misplaced in the ar-
ticle on "Franchise."   It imposes a poll-tax, in aid of the
common schools, and has no sort of connection with the
franchise, except incidentally, as non-payment of a poll-tax
may operate, by virtue of § 241 of the constitution, to cause
a denial of the right to vote.   Its sole office is to provide for
a poll-tax, and can have no influence on the matter under
consideration.   It would be better placed in article 8—" Edu-
cation."

While the occurrence of a special election within four
months after registration does not invalidate registration,
and the fact that such an election has been ordered and is
to occur does not affect the right to be registered, persons
registered are not entitled to vote at an election held within
four months after their being registered.   Section 251 of the
constitution declares that "electors shall not be registered
within four months next before any election at which they
may offer to vote"—not that registration shall not be had
within four months of an election, but it must be one *at
which the elector offers to vote.*   Whether or not one will offer
to vote is a future event.   The effect of the singular form of
expression employed by this section must be, from the nature
of things, not to prohibit registration within four months of
an election, but to establish the rule that four months shall
elapse between one's registration and his right to vote.
There is nothing in the constitution inhibiting being regis-
tered at any time, even on the day of an election ; but it does
declare, in effect, that, although registered, one shall not vote
at an election held within four months of his registration.
This is the rule established for elections contemplated by the
constitution.   The statutes providing for an election to deter-

mine whether liquors shall be sold in a county contain no specific provision as to the qualifications of electors, but contain such general regulations as to authorize the assumption that the electors meant, whose votes are to determine the question, are those who would be entitled to vote at any election held in pursuance of the constitution and laws of the state; and, as the rule for such election is, that a person shall not vote at one held within four months of his registration, it must apply to the special election to determine as to the sale of liquors in a county. The code is to be considered as a whole, and with reference to the constitution; and, thus viewing it, the conclusion is justified that the terms "legal votes," as used in §§ 1619, 1620 of the code of 1892, mean those which would be legal votes at an election contemplated by the constitution and laws.

It results from these views that the registrar was improperly ordered to desist from registering any persons until after the election to be held on October 14, 1893, and to refuse to register at any time such as had not paid certain taxes; but that persons registered within four months of the election will not be entitled to vote thereat, even though otherwise qualified.

The learned circuit judge failed to draw the proper distinction between the right to register and the right to vote, as the legislature did, and erroneously assumed the validity of § 3612 of the code of 1892, wherein we have shown it to be unconstitutional and void.

*The judgment is reversed, and the petition for mandamus is dismissed.*