AARON LEHMAN *v.* D. P. PORTER, CITY CLERK, ETC.

1. INTOXICATING LIQUORS. *Local option election. Ballots cast thereat. Conformity with election ordinance not essential. Sec. 4, Ord. (code 1892, § 3654). Election governed by special code provisions. Code 1892, §§ 1610 to 1616, inclusive.*

   A local option election held in any county of the state under § 1610, code 1892, to determine whether or not those provisions of the code chapter of which said section is a part, prohibiting the sale of intoxicating liquors, shall be in force in such county, is not invalid by reason of the fact that the ballots cast thereat did not conform to the requirements of the election ordinance of the constitutional convention of 1890, prescribing the character of official ballots that should be provided and used " whenever the question of a constitutional amendment or other question or matter admitting of an affirmative or negative vote, is submitted to a vote of the electors."

2. SAME. *Case.*

   That the ballots cast at a local option election contained only the

words "For the sale," and "Against the sale," without the addition of any printed statement of the matter submitted to be voted on, and the words "yea" and "nay" arranged in connection therewith according to the requirements of the election ordinance of the constitutional convention of 1890. does not invalidate such election, for the same is not an election controlled by the provisions of the constitution of 1890, nor "a matter" submitted for determination by the electors within the said ordinance.

FROM the circuit court of the first district of Hinds county.

HON. J. B. CHRISMAN, Judge.

This was a proceeding by mandamus to compel the appellee, the city clerk of Jackson, to file the appellant's petition for a license to retail intoxicating liquors. The appellant averred that all the statutory prerequisites entitling him to have his petition for such license filed had been complied with, but that the appellee refused to file the same, upon the sole ground that, on July 31, 1894, there was held, in the county of Hinds, in which said municipality is situated, a local option election under chapter 37 of the code of 1892, and that the result thereof, as reported by the commissioners appointed to hold the same, was against the sale of such liquors.

This election, and the report declaring the result thereof, were, as appellant further averred, utterly void. He alleged that the board of supervisors, in ordering said election, directed that the ballots should be prepared therefor under § 1615 of the code of 1892, and should read "For the sale," and "Against the sale;" and that all the ballots used and voted at said election contained those words and no others. This he charged was contrary to section 4 of the election ordinance of the constitutional convention of 1890 (§ 3654, code of 1892), which provides that whenever a matter admitting of an affirmative or negative vote should be submitted to a vote of the electors, the matter should be printed on the official ballot, and also the words "yea" or "nay" should be so arranged by the proper officer that the voter can intelligently vote his preference by making a cross mark (X) opposite the word indicating his pref-

erence. He also alleged that the question submitted by the board of supervisors was whether "vinous, alcoholic, malt, intoxicating or spirituous liquors" should be sold, and presented a matter admitting of an affirmative or negative vote, and that the use of the ballots voted at said election was, therefore, a violation of the order of the board of supervisors, as well as of said election ordinance. He insisted that each and every one of the ballots were void; that chapter 37, code of 1892, on "dramshops," required that official ballots should be used, meaning thereby such as were prescribed by the election ordinance, and also provided that local option elections should be conducted in the same manner, and as provided in chapter 113 of the code, "on registration and elections," into which the provisions of the election ordinance had been incorporated; and that the ballots cast at said election, being void by reason of the fact that they did not conform to the said requirements of law, the election and report thereof were also void, and constituted no sufficient ground for appellee's refusal to file appellant's petition for a license to retail liquors.

The appellee demurred to the petition for mandamus, assigning as grounds of demurrer the following:

1. The petition, on its face, does not show a legal right in petitioner to have had his petition for license to retail liquors, filed by the clerk of the municipal corporation concerned.

2. It is not competent, in law, to attack in a collateral proceeding the record and judgment of the board of supervisors with reference to the local option law.

3. The report of the election commissioners, when verified by affidavit and spread on the minutes of the board of supervisors, is conclusive as to the result of the local option election, and the correctness of the report cannot be attacked collaterally.

4. The report of the election commissioners shows that a majority voted against the sale of intoxicating liquors, and declares the result of the election that way, and it is not competent to go behind the report in a proceeding like this to ex-

amine into the manner of holding the election, and the kind of ticket used.

5. An order of the board of supervisors for a local option election may be appealed from, but cannot be attacked in a collateral proceeding.

6. The use of the words "yea" and "nay," in stating a question to be voted on, under the constitutional provisions, is directory, and not mandatory.

7. The provisions of the constitution and of the election ordinance of the convention do not apply to nor control elections held under the "dramshop" chapter and statutes providing for local option elections.

The demurrer was sustained and this appeal thereupon prosecuted.

Section 1615, code of 1892, in relation to the character of ballots that should be used at local option elections, is as follows: "One of the commissioners shall be designated by the board of supervisors to prepare the ballots, which shall conform to all the requirements of law, and shall read, 'For the sale' and 'Against the sale,' and the tickets shall be paid for at public expense."

*Calhoon & Green*, for the appellant.

The election in question was based upon the order of the board of supervisors, appointing three commissioners of election to determine whether or not the liquors, bitters or drinks mentioned in § 1574, code of 1892, should be sold within the limits of Hinds county. This order directed that the election should be held in accordance with the chapter of the code of 1892, on the subject of registrations and elections, as far as applicable, and that T. P. Barr, one of the commissioners, be appointed to prepare ballots in accordance with § 1615 of the code of 1892.

By § 1612, code of 1892, it was declared that such elections "shall be conducted in the same manner as other elections, and

as provided in the chapter on registration and elections, as far as applicable, and an official ballot shall be required."

Section 3650 (following § 1 of the election ordinance of the constitution of 1890) provides for an "official ballot" and for payment for printing by counties or municipalities, as the case may be.

Section 3654 of the code chapter on registration and elections provides, in the language of § 4 of the said election ordinance that . . . "whenever any question or matter admitting of an affirmative or negative vote is submitted to a vote of the electors, . . . the question or matter shall be printed on the official ballot . . . and also the words 'yea' and 'nay,' to be so arranged that the voter can intelligently vote his preference by making a cross mark (**x**) opposite the word indicating his preference."

By § 3649 of said chapter on registration and elections, it is provided: "A ballot not provided in accordance with law shall not be deposited or counted." And by said election ordinance, § 15, it is provided: "No ballot not printed in accordance with this ordinance shall be deposited or counted."

Now, when the board of supervisors ordered the question to be submitted whether or not the liquors, etc., mentioned in § 1574 should be sold within the limits of Hinds county, the commissioners were bound by the terms of the order, and by those of chapter 113 of the code, and by those of the election ordinance to the constitution, to have that question voted on, and the only way known to the law in Mississippi to submit such a question is by printing the question on the ballot, with the words "yea" and "nay," so that the voter may intelligently vote his preference.

This is jurisdictional, and, as the ballots did not contain this jurisdictional fact affirmatively, the election was void. It was necessary to print the question, under §§ 4, 12 and 15 of the ordinance to the constitution. The "official ballot" was created and defined by this ordinance.

The ordinance applies to all elections, county and municipal, for, by § 1, the expense of printing these ballots is to be paid by the county, except that in municipal elections they are to be paid for by the municipality.   By § 2 the election commissioner shall prepare the ballots, except that municipal authorities shall appoint the commissioner for this service in municipal elections.   The generality of the language shows the intent to make it apply to all elections.   But, to make it more specific, it is provided ''whenever the question of a constitutional amendment or other question or matter admitting of an affirmative or negative vote is submitted to a vote of the electors, such amendment, question or matter shall be printed on said official ballot, together with the names of the candidates, it any,'' etc.

In *Ferguson* v. *Monroe County,* 71 Miss., 530, it was declared: '' We are, therefore, compelled, by the necessity and propriety of the case, to adopt the view heretofore announced, and now reaffirmed, that this chapter 37 of the code is to be viewed as a part of a whole, and as having reference to the constitution and laws of which it is but a part; that it was framed and adopted with this view, and in using the expression ' qualified electors,' it had reference to those who are such under the constitution and laws, and that ' legal votes ' are those cast according to law by those who could cast legal votes at an election contemplated by the constitution and laws in pursuance of it.''

The majority must be of the legal votes (§§ 1619, 1620, code 1892), and these are defined by this case as above set forth, and they must be in consonance with the constitutional requirements.   A ''legal vote,'' according to the ordinance, must state the question or matter to be voted on, and no ballot ''not in accordance with this ordinance shall be deposited or counted.'' So, too, chapter 113 of the code, §§ 3649, 3650 and 3654, contains a legislative declaration to the same effect as the ordinance. Chapter 37, § 1612, iterates the constitutional mandate, and

requires that "the election shall be conducted in the same manner as other elections, and as provided in the chapter on the subject of registration and elections, as far as applicable; . . . and an official ballot shall be required. The meaning of official ballot is found in the election ordinance. "The question or matter shall be printed on said official ballot," etc. Ord., § 4.

The language of the ordinance, and of § 1612, is mandatory, as is all of this scheme for holding elections.

One of the commissioners, under the ordinance (§ 2) and under § 1615, was required to prepare the "official ballot," and the commissioner prepared a ballot, and it was the only ballot cast at the election, and it was not in accordance with the requirements of an official ballot; but the commissioner assuming that § 1615 directed that the only words necessary on the ballot were "For the sale" "Against the sale," prepared the ballots in that way, and wholly omitted from the ballot the statement of the question or matter to be voted on, and the words "yea" and "nay," as required for official ballots.

The board of supervisors, by their order, directed that the ballots should be prepared in accordance with § 1615 of the code. If, by this was meant that the ballots should contain only the words "For the sale" and "Against the sale," then the order is void for the reasons stated. But if the whole of § 1615 is given effect, it requires that the ballots "shall conform to all the requirements of law," and shall read "For the sale" and "Against the sale." Conformity to "all the requirements of law" would require that the question with "yea" and "nay" should be printed on the ballot. Such is the "official ballot" of the constitution, and which is required to be used, not only by the constitution, but by § 1612 itself. Such a ballot would contain these words:

"Shall vinous, alcoholic, malt, intoxicating or spirituous liquor be sold within the limits of Hinds county?

"*Yea.* (For the sale.)

"*Nay*. (Against the sale.)"

The voter would mark his cross mark opposite the way he voted, and thus would be presented to him the question required by an official ballot.

It was competent for the legislature to make the official ballot of the ordinance more specific by adding the words: "For the sale," "Against the sale," after " yea " and " nay," and this addendum makes the ballot "conform to all the requirements of law," and also read "For the sale," and "Against the sale."

In *Bew* v. *State*, 71 Miss., 8, 9, it was held that legal votes, under §§ 1619 and 1620 of the code, were the legal votes prescribed by the constitution and laws. It was further held in that case that a local option election was not an election within the meaning of § 251 of the constitution, nor of chapter 113, code 1892, but that (1) it is " a special device " for determining whether or not liquors shall be sold; (2) that it is not conducted or held by those charged with other elections, but by appointees of the board of supervisors; (3) that it is a county matter, initiated in a certain way and determined in a particular mode; (4) that it concerns the county alone; (5) that the legislature might have adopted any other mode of determining the question; (6) that the legislature could prohibit it absolutely, or allow it upon such conditions as it might prescribe; (7) that it has chosen an election, but not an election in the sense of the constitution and laws.

To this we reply that this was an interpretation of § 251 of the constitution, and the court did not interpret the ordinance to the constitution nor the statute requiring the official ballot. The ordinance provides the rule " whenever any question or matter is submitted to a vote of the electors," etc.

To one, therefore, we reply, if reply is needed, " the special device " was a submission of a question or matter to a vote of electors by the legislature, and " whenever " the submission occurs it must be made in the prescribed manner. To two we

reply that it is not necessary that the election should be held by the commissioners, under chapter 113, to bring it under the ordinance, for it is specifically indicated that the requirement applies to municipalities, and, by its own terms, that one of the commissioners is to be designated "by the authority appointing said commissioners," and this power is conferred upon the legislature whenever a question is to be submitted under its enactments provide for the appointment of a commissioner to execute the terms of the ordinance. That the power was not confined to the commissioners to execute the general registration laws, is evidenced by the terms of the ordinance itself. The "authority appointing said commissioners" was the board of supervisors. It was contemplated that the legislature would provide for both elections and commissioners, and there is no limitation on the right to do so, but whenever a question is to be submitted to be voted on, then, the ordinance applies its official ballot; and this the legislature recognized in § 1612 of the code.

To three and four we reply that nearly every question submitted is of local application, and, the intent to embrace municipalities being expressed, county questions could hardly be excluded on the ground of territorial restriction or application. That it is initiated "in a certain way and determined by a particular mode" makes it none the less an election at which a question or matter is submitted to a vote of the electors. The "electors" and "legal votes" meant by §§ 1610, 1619 and 1620 are those of the ordinance. *Ferguson* v. *Monroe County* and *Bew* v. *State, supra.* Certain it is that this is a question or matter to be submitted to a vote of the electors of the ordinance, and to be decided by the ballots of the ordinance.

To five and six we reply, the ordinance was to operate prospectively. It was "elections thereafter provided for upon questions," etc. It is true the legislature had control of the method of determining the question, but when it is to be by vote of the electors the ordinance applies, and determines how such elections shall be held.

To seven we say that it is manifestly a case within this ordinance, for if it be declared that the electors and votes are those of the constitution, the election itself must be that of the ordinance. Besides, the legislative intent was that the official ballot should be used and that the election should conform as near as possible to chapter 113. The decision in *Bew* v. *State, supra,* itself differentiates between the elections contemplated by § 251 of the constitution, and the applicability of the election ordinance in prescribing ballots and qualifications of voters.

*Williamson & Potter,* for the appellee.

The legislature has, in the exercise of its police powers, absolute control of the manufacture and sale of intoxicants within the limits of the state. It can prohibit the manufacture and sale, or it can regulate the sale in any manner it may choose. The constitution of the state puts no limitation on the jurisdiction of the legislature in this respect. The legislature could constitutionally submit the question of sale or no sale of intoxicants, and leave the determination of the question to the female residents of the county, or to the real estate owners, or to the merchants, or to any other class of the inhabitants; and not only this, it is not restricted in the method or manner of ascertaining the will of a majority of the class to which it may choose to submit the question. This may be done by ballot, by petition, or by requiring the voters to come before a commissioner, and vote *viva voce,* and have the vote recorded.

As the law stands now, the legislature has left the question of sale or no sale to a majority of the qualified electors of the county, and provides that the will of the people shall be ascertained by an election by ballot, which election shall be conducted in the same manner as other elections, as far as applicable. Code 1892, § 1612. While this section of the code reads that "an official ballot" shall be required, yet § 1615 provides that the commissioner designated for that duty shall

prepare the ballot, "which shall conform to all the require-
ments of law, and shall read 'For the sale' and 'Against the
sale.' "

We have here specific directions how the ticket or ballot
shall read in local option elections.   It is an official ballot, and
conforms to law in all respects, but reads " For the sale " and
"Against the sale," thus differing from the official ballot pro-
vided for in the election ordinance of the constitutional con-
vention, § 4 (code 1892, § 3654), where the submission of con-
stitutional and other questions contemplated by the constitution
is provided for.

The legislature, therefore, drew a marked distinction between
the local option ticket and the constitutional amendment ticket
or ballot as to how they should read.   In this the legislature
has not violated the constitution nor the election ordinance.
Local option elections do not come within the contemplation of
§ 3654 and the election ordinance of the constitutional conven-
tion.   *Bew* v. *State*, 71 Miss., 5.   The election ordinance and
the chapter of the code on registration and elections control
local option elections in so far only as they are applicable, and,
where the legislature has required a special kind of ballot to
read a certain way in local option elections, the provisions of
the law governing general constitutional elections and the bal-
lots used therein are not applicable, and must yield to the
special requirements of the law.

Argued orally by *Marcellus Green*, for the appellant, and by
*C. M. Williamson*, for the appellee.

COOPER, C. J., delivered the opinion of the court.

The election held under § 1610 of the code to determine
whether the provisions of the chapter, of which it is a part,
prohibiting the sale of intoxicating liquors should be in force
within the limits of Hinds county, was not an election controlled
by the provisions of the constitution, nor " a matter " sub-

mitted for determination by the electors, within the ordinance of the convention. *Bew* v. *State*, 71 Miss., 1.

*Affirmed.*

*Calhoon & Green*, for the appellant,

Filed a suggestion of error, wherein, along with other matters discussed, appears the following:

The omission of the question from the ballot was in violation of the express provisions of the statute, as also of the scheme of elections under the Australian ballot system. The essence of that system is that the elector may express his electoral wish without the interference, aid or knowledge of anyone. It is a system of secret balloting, carefully guarded to prevent any influence being exercised over the voter. The ballots are therefore directed to be prepared so that the voter can vote alone and in secret in his booth, and, to this end, all necessary information is directed to be placed on the ballot. The question to be voted on is to be printed on the ballot with "yea" and "nay" opposite, so that the voter "can intelligently vote his preference by making a cross mark (**X**) opposite the word indicating his preference." Code of 1892, § 3654.

This was not done in the case at bar. "For the sale" and "Against the sale" do not, *per se*, inform the voter of the nature and object of the election, nor of the question voted on. The fact of a local option election being held does not convey the idea of the precise question being voted on under the Australian ballot system.

There is no difference, in legal contemplation, between an act done in violation of a statute and of the constitution. *Bradley* v. *Villere*, 66 Miss., 402. Hence we respectfully insist that this ballot was in violation of the statute, and therefore prohibited by § 3649 of the code from being deposited or counted. The effect of this prohibition would be to make it impossible to hold an election where only prohibited ballots were cast, as here.

It takes three essentials to constitute an election. First,

there must be an office and candidate, or a question to be voted for. An election could not be held without this. If there was no office or question to be voted on, there could be no election. So, too, if the candidates for office are disqualified from holding the office, the election would be void. 1 Dillon on Municipal Corporations, § 196. *A fortiori*, if there was no office to be filled or question to be voted on. The statute requires that the question to be voted on shall be stated on the ballot. There is no other legal form of submitting a question to be voted on. If it is absent from the ballot, the thing voted on, as in the case of a disqualified officer, is disqualified by the method of its presentation for determination. Second, there must be qualified electors. These, in the case at bar, were those declared qualified by the constitution. *Ferguson* v. *Monroe County*, 71 Miss., 530. Third, there must be "legal votes" (§§ 1619, 1620, code of 1892), and these votes are such as are required by the constitution. *Ferguson* v. *Monroe County*, *supra*. As to what constitutes legal votes, it should not be overlooked that, while the election ordinance itself may not apply to this election, it was conducted in violation of the statute, and was equally void, for the provisions of the ordinance are embraced in the chapter on registration and elections (ch. 113), and this chapter is made to govern "dramshop" elections "as far as applicable." Code of 1892, § 1612. This would include the official ballot required by § 1612, and the official ballot is defined by § 3654 in the words of the ordinance. Section 1615, while requiring that the ballots shall read "For the sale" and "Against the sale," also requires them to be "official ballots" and to "conform to all the requirements of law," and effect must be given to all the words of the statute.

Of the foregoing essentials of an election, two (the first and the third) did not exist in the case at bar. There was no question legally submitted, and there were no legal votes cast at the election.

*Suggestion of error overruled.*